United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30788
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DUSTIN JAMES RANEY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50006-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

        Dustin James Raney pleaded guilty to a one-count indictment
charging him with conspiracy to distribute methamphetamine, in
violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  Based on
a total offense level of 31 and a criminal history category of
IV, Raney's guideline imprisonment range was 151 to 188 months.
The district court concluded that a criminal history category of
IV did not adequately reflect the true level of Raney's criminal
activity, and that a category VI provided a more appropriate
range of 188 to 235 months of imprisonment.  It sentenced Raney

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 235 months of imprisonment and a five-year term of supervised release.

The district court stated during sentencing that under either a non-guidelines or guidelines analysis, the 188 to 235 month range of imprisonment was appropriate, and the record reflects that the district court discussed its reasons for imposing the sentence as both an upward departure under U.S.S.G. § 4A1.3 and a non-guidelines sentence. Under either analysis, we find that Raney's sentence should be affirmed.

The district court cited specific information in support of its determination that a criminal history category VI more adequately reflects the seriousness of Raney's past criminal conduct and advances the objectives of 18 U.S.C. § 3553(a)(2). See U.S.S.G. § 4A1.3; United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006) (noting that an upward departure is not an abuse of the district court's discretion when it advances the objectives set forth in 19 U.S.C. § 3553(a)(2) and is justified by the facts of the case). Alternatively, the record reflects that the district court calculated the applicable guideline range, used that range as a frame of reference, and decided to upwardly deviate from that range based on its consideration of individualized and proper 18 U.S.C. § 3553(a) factors including: the seriousness of the offense, the need to promote respect for the law, and the need to

protect the public from further crimes.  See United States v. Smith, 440 F.3d 704, 707-09 (5th Cir. 2006).

The district court's stated reasons for the upward deviation were not based on improper or irrelevant factors, nor did they represent a clear error of judgment in balancing the sentencing factors.  The district court's stated reasons also allowed this court to determine that the sentence is supported by § 3553(a) factors and reasonable.  See id.[1]

Accordingly, the district court's judgment is AFFIRMED.

---

[1] Raney appears to argue also that the court erred in overruling his objection to the offense level based on the quantity of methamphetamine involved in the conspiracy.  Although this issue is briefed only slightly and may, therefore, be considered abandoned, see Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999), the court's reliance on the PSR and its source as opposed to the defendant's own, albeit consistent, reporting was not clear error, see United States v. Ramirez, 271 F.3d 611, 612-13 (5th Cir. 2001).