# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DUSTIN JAMES RANEY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50006-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dustin James Raney challenges the denial of his sentence-reduction motion under 18 U.S.C. § 3582(c)(2), and Amendment 782 to the Sentencing Guidelines. He claims the court abused its discretion by relying on a clearly erroneous assessment of the facts.

In 2007, our court affirmed Raney's 235-month, above-Guidelines sentence, imposed after he pleaded guilty to conspiracy to distribute

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Raney*, 226 F. App'x 378, 379 (5th Cir. 2007). He contends that, because his original sentence was 25% above the Guidelines' advisory sentencing range, he should get a sentence reduction correspondingly 25% above his amended Guidelines' sentencing range.

"The decision whether to reduce [a] sentence [under 18 U.S.C. § 3582(c)(2)] is in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995). In deciding whether to exercise its discretion to do so, the court considers: whether, and to what extent, the applicable 18 U.S.C. § 3553(a) sentencing factors warrant a reduction, *Dillon v. United States*, 560 U.S. 817, 826–27 (2010); and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment", Guideline § 1B1.10 cmt. n.1(B)(ii).

The court properly considered Raney's motion, the probation office's recommendation, the contentions of the parties, Guideline § 1B1.10's policy statement, and the 18 U.S.C. § 3553(a) sentencing factors, noting it was denying the motion based on, *inter alia*, Raney's "history of violence and public safety concerns". Along that line, the court considered Raney's firearms offenses and his being disciplined for 11 infractions while in prison for, *inter alia*, possession of a dangerous weapon and two assaults. U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (permitting consideration of post-sentencing conduct). Accordingly, the court did not abuse its discretion in denying Raney's motion. *Whitebird*, 55 F.3d at 1009–10.

AFFIRMED.